1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIZENS LEGAL ENFORCEMENT AND RESTORATION, an Unincorporated California Nonprofit Association<br><br>                                    Plaintiff,<br><br>    vs.<br><br>DIRK KEMPTHORNE, Secretary of the United States Department of the Interior, *et al.*,<br><br>                                    Defendants. | CASE NO. 06-CV-2545-H (WMC)<br><br>**ORDER GRANTING PALO VERDE IRRIGATION DISTRICT'S MOTIONS TO STRIKE AND TO DISMISS AND SETTING SCHEDULE** |

On November 20, 2006, Citizens Legal Enforcement And Restoration ("CLEAR") initiated this action against various state and federal officials, including defendants Jill Johnson and Ed Smith in their capacities as President and General Manager, respectively, of the Palo Verde Irrigation District ("PVID"), and Does 1 through 50. (Doc. No. 1.) CLEAR's first and fifth causes of action alleged violations of section 10 of the Rivers and Harbors Act of 1899 ("RHA"), 33 U.S.C. § 403, and section 404 of the Federal Water Polution Control Act ("Clean Water Act" or "CWA"), 33 U.S.C. § 1344. (Id.) On May 17, 2007, after certain defendants were dismissed voluntarily, the remaining federal defendants moved for partial judgment on the pleadings with respect to these two causes of action. (Doc. No. 23.) The Court granted

1  the defendants' motion and, as a result, granted leave for CLEAR to file an amended

2  complaint. (Doc. No. 29.) The Court's order did not address these claims as they relate

3  to PVID. (Id.)

4       On August 13, 2007, CLEAR filed its amended complaint, adding additional

5  allegations to the RHA and CWA causes of action. (Doc. No. 30.) PVID then filed a

6  motion on August 22, 2007, to dismiss and strike portions of the amended complaint.

7  (Id.) First, PVID requests that the Court dismiss the RHA cause of action for failure to

8  state a claim. (Id.) Second, PVID requests that the Court strike the amended portions

9  of the RHA and CWA causes of action as being filed without leave of the court or

10  consent of counsel.

11                              **Background**

12       The Palo Verde Lagoon ("the Lagoon") is a branch or tributary of the Colorado

13  River. (Am. Compl. ¶ 18.) CLEAR alleges that the Lagoon has been managed and

14  altered in a manner causing it to become unusable for fisheries, navigation, and

15  recreation, and to become a legal nuisance and designated health threat. (Id.) CLEAR

16  further alleges that between 1960 and 1962 PVID, with approval, assent, and oversight

17  of the U.S. Bureau of Reclamation (BREC), constructed an artificial bypass canal for

18  the Lagoon called the Simpson Cut, thus creating a dammed section of the Lagoon

19  referred to as the Bypassed Lagoon. (Id. ¶ 21) PVID and/or other defendants allegedly

20  dredged an artificial canal south of the Palo Verde Lagoon known as the Outfall Drain.

21  (Id.) Rather than providing a good navigable waterway as intended, CLEAR alleges

22  that these efforts have led to numerous problems including contamination and lack of

23  navigability. (Id. ¶ 21-23.) CLEAR also alleges that PVID has undertaken continuing

24  diversion, dredge, and fill activities in these areas since "on or about 2001." (Id. ¶ 79.)

25       CLEAR's first cause of action initially asserted that PVID failed to comply with

26  section 10 of the Rivers and Harbors Act of 1899 ("RHA"), 33 U.S.C. § 403, which it

27  claimed is actionable under the Administrative Procedure Act, 5 U.S.C. § 706(1). (Id.

28  ¶ 47.) This section of the RHA prohibits various forms of construction on U.S.

navigable waterways unless authorized by Congress or "recommended by the Chief of Engineers and authorized by the Secretary of War." 33 U.S.C. § 403. In addition, the complaint sought "a writ of mandamus or declaratory and injunctive relief under California law . . . ." (Compl. ¶ 48) CLEAR's amended complaint added factual allegations describing the dates when it become aware of the alleged violation and its efforts to resolve the matter administratively. (See Am. Compl.¶¶ 48-51.) The amendments also expanded the legal basis for the complaint, contending that PVID's noncompliance is actionable California Code of civil Procedure §§ 1085 or 1094.5. (Id. ¶ 47.)

CLEAR's fifth cause of action initially alleged that defendants had undertaken activities without permits required by section 404 of the Clean Water Act ("CWA"), 33 U.S.C. § 1344, and that this was actionable under the APA, 5 U.S.C. § 706(1), section 505(a)(2) of the CWA, 33 U.S.C. § 1365(a)(2), and/or California Code of Civil Procedure §§ 1085 and 1094.5. (Compl. ¶ 73, 75.) The claim sought a writ of mandamus, declaratory relief, or injunctive relief. (Id. ¶ 76.) CLEAR's amended complaint added factual allegations describing the dates when it become aware of the alleged violation and its efforts to resolve the matter administratively. (See Am. Compl.¶¶ 76-78.) The new allegations also expand the legal grounds to encompass sections 301-03, 401-02, and 404 of the CWA, 33 U.S.C. §§ 1331-33, 1341-42, and 1344. (Id. ¶ 75, 82.)

On September 24, 2007, the Court held a hearing on these motions. Sallie Barnett appeared on behalf of defendant PVID. Craig Alan Sherman appeared on behalf of plaintiff CLEAR. Rochelle L. Russell appeared on behalf of defendant Dirk Kempthorne in his capacity as Secretary of the United States Department of Interior, and defendant Robert Johnson in his capacity as Commissioner of the United States Bureau of Reclamation.

For the reasons discussed below, the Court **GRANTS** PVID's motion to strike and strikes the amendments as they relate to PVID. The Court **GRANTS** PVID's

motion to dismiss and dismisses the first cause of action as it relates to PVID, without prejudice to Plaintiff seeking leave to amend by filing a motion for leave to amend. The Court also sets a schedule for this motion.

## Discussion

### I.     Motion to Strike

Rule 12(f) provides that the court may strike "any redundant, immaterial, impertinent, or scandalous matter" from any pleading. "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). The decision to grant or deny a motion to strike is within the sound discretion of the trial court. See Id. Rule 15(a) requires that once a responsive pleading has been served, the original pleading may only be amended "by leave of the court or by written consent of the adverse party."

PVID did not consent to the amendment of the complaint as to it, nor did the court contemplate an amendment of the pleading as to PVID. Moreover, the Court's prior grant of leave to amend did not specifically address claims against PVID. The allegations involve allegedly unlawful administrative action stretching back more than forty years. (See, e.g., Am. Compl. ¶ 21.) Furthermore, the complaint, in both its original and amended form, contains individual causes of action that simultaneously assert claims against federal and state agencies under both federal and state grounds. (See, e.g., Am. Compl. ¶¶ 42-52, 74-53 (first and fifth causes of action).) This makes it difficult for both the Court and defendants to evaluate and respond to the various causes of action. The Court therefore grants the motion and strikes the amended portions of the complaint as they relate to PVID.

CLEAR may bring a motion for leave to amend. If it does so, it may address any of the claims and parties in this case. CLEAR should attach a proposed amended complaint to any such motion. In doing so, CLEAR may wish to consider the following

issues: (1) whether the claims based on federal and state law should be pled separately; (2) whether claims against federal and state agencies should be pled separately; (3) whether a writ of mandamus under California law is available against federal entities; (4) the extent to which a writ of mandamus under California law is procedural or substantive under the Erie doctrine, Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938), and (5) whether it is appropriate for the court to exercise supplemental jurisdiction over the state claims, particularly if they implicate novel questions of state law.

**II.    Motion to Dismiss**

A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957), abrogated on other grounds, Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007). Rule 12(b)(6) permits dismissal of a claim either where that claim lacks a cognizable legal theory, or where insufficient facts are alleged to support the claim's theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). While a claim does not need detailed factual allegations to survive a motion to dismiss, a party's obligation to provide the grounds of its entitlement to relief requires "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." See Bell Atlantic Corp., 127 S. Ct. at 1964-65. Rather, factual allegations must be sufficient to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true, even if doubtful in fact. Id. at 1965. A complaint may proceed even though proof seems improbable or recovery is very remote and unlikely. Id.

PVID argues that the first cause of action must be dismissed with respect to it because there is no private cause of action for violations of section 10 of the RHA. See California v. Sierra Club, 451 U.S. 287 (1981) (holding that there is no implied private right of action under section 10 of the RHA). CLEAR does not dispute this, but instead argues that either section 1085 or 1094.5 of the California Code of Civil Procedure creates a right of action for an agency's violation of the RHA. CLEAR only asserted these sections in the amended version of its first cause of action. Having stricken those

amendments, and since both parties concede that there is no private right of action under the RHA, the Court concludes that there is no currently pending cause of action against PVID under the RHA.

The Court therefore grants the motion and dismisses the first cause of action as it relates to PVID. In doing so, the Court does not reach the merits of whether CLEAR could bring a claim, in a future amended complaint, under California Code of Civil Procedure sections 1085 or 1094.5.[1]

## **Conclusion**

For the reasons discussed above, the Court **GRANTS** PVID's motion to strike and strikes the amendments as they relate to PVID. The Court **GRANTS** PVID's motion to dismiss and dismisses the first cause of action as it relates to PVID, without prejudice to Plaintiff seeking leave to amend by filing a motion for leave to amend according to the schedule below.

Furthermore, the Court sets the following schedule.

- Plaintiff shall submit a motion for leave to amend on or before **October 24, 2007**. Plaintiff shall attach its proposed amended complaint to this motion.
- Defendants shall file their oppositions to this motion on or before **November 14, 2007**.
- Plaintiff shall file its reply, if any, on or before **November 26, 2007**.
- The Court sets a hearing date for the motion for leave to amend for **December 3, 2007, at 10:30 AM** or as soon thereafter as the court can hear the case. The Court retains its discretion, pursuant to Local Rule 7.1(d)(1), to decide the motion on the papers.

---

[1]The Court notes that, under the facts alleged, it may not be possible to pursue a writ under section 1094.5. See Cal. Civ. Pro. Code. § 1094.5. Section 1094.5 applies to writs challenging administrative functions of an adjudicative nature. In deciding whether section 1094.5 applies to a particular agency's action, "[t]he decisive question is whether the agency exercises an adjudicatory function in considering facts presented in an administrative hearing." Temescal Water Co. v. Dep't of Pub. Works, 44 Cal. 2d 90, 101 (1955); see also 8 Witkin, California Procedure, Extraordinary Writs § 263 (4th ed. 1996). The allegations do not appear to challenge a hearing of an adjudicative nature. Whether a violation of the RHA will serve as a basis for relief under section 1085 may be a novel question of state law. Cf. California Homeless and Housing Coalition v. Anderson, 31 Cal. App. 4th 450 (1995).

1  •      Defendants need not file responsive pleadings to the current amended complaint

2         unless the Court denies leave to amend, in which case such responsive pleadings

3         shall be due 20 days from entry of the order denying leave to amend.

4         IT IS SO ORDERED.

5

6  DATED:  September 24, 2007

7

8                                              MARILYN L. HUFF, District Judge
                                               UNITED STATES DISTRICT COURT

9

10 COPIES TO:
   All parties of record.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28